

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NOLAN HUDSON                                    CIVIL ACTION

VERSUS                                          NO. 00-0229

CHARLES C. FOTI, ET AL                          SEC. "T" (3)

### REPORT AND RECOMMENDATION

Plaintiff, Nolan Hudson, is an inmate currently incarcerated at the Orleans Parish Prison (OPP). He filed the above captioned *pro se* and *in forma pauperis* complaint seeking damages pursuant to 42 U.S.C. § 1983 against Sheriff Charles C. Foti, Jr., Nurse Valerie, and Blue Cross and Blue Shield Insurance Company. In his complaint, plaintiff alleges that on November 25, 1999, Nurse Valerie gave him someone else's medication by mistake. Plaintiff contends that he suffered headaches, and his eyes burned and became swollen and red as a result of Nurse Valerie's negligence.

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d

DATE OF ENTRY  FEB 22 2000
DATE OF MAILING  FEB 22 2000

318 (5th Cir. 1986), *modified on other grounds*, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); see also Booker, 2 F.3d at 116. Under the broadest reading of his complaint,[1] Hudson's claims lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

As an initial matter, Sheriff Foti cannot be held liable pursuant to § 1983 under a theory of *respondeat superior* simply because an employee allegedly violated plaintiff's constitutional rights. See Baskin v. Parker, 602 F.2d 1205, 1220 (5th Cir. 1979); see also Barksdale v. King, 699 F. 2d 744 (5th Cir. 1983). In Smith v. Brenoettsy, 158 F.3d 908 (5th Cir. 1998), the Fifth Circuit stated:

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

> A supervisory official may be held liable under section 1983 for the wrongful acts of a subordinate when the supervisory official breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury. To hold a supervisory official so liable, the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.

Id. at 911-12 (internal quotes and citations omitted).

Moreover, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 433 U.S. 137, 146, 99 S. Ct. 2689, 2695, 61 L. Ed. 2d 433 (1979); see also Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995)(citing Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). Accordingly, plaintiff's claim that he was injured as a result of Nurse Valerie's negligence should be dismissed as frivolous.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __17__ day of __Feb.__, 2000.

_____
UNITED STATES MAGISTRATE JUDGE